UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | | |
|---|---|---|---|
| ROBERT PAULEY et al., | ) | | |
| | ) | | |
| Plaintiffs | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:25-cv-00177-JAW |
| | ) | | 2:25-cv-00181-JAW |
| ENDUE, INC., d/b/a | ) | | 2:25-cv-00183-JAW |
| Endue Software, and | ) | | 2:25-cv-00189-JAW |
| RHEUMATOLOGY ASSOCIATES | ) | | 2:25-cv-00200-JAW |
| OF BALTIMORE, LLC | ) | | 2:25-cv-00237-JAW |
| | ) | | |
| Defendants | ) | | |

**ORDER ON MOTION TO CONSOLIDATE CASES
AND APPOINT INTERIM CLASS ACTION COUNSEL**

There are presently six separately filed but related data security cases pending against the Defendant Endue, Inc., d/b/a Endue Software, two of which also name the Defendant Rheumatology Associates of Baltimore, LLC.  The Plaintiffs—Robert Pauley (No. 2:25-cv-00177-JAW), Moira Polite (2:25-cv-00181-JAW), Daniel Martinez (No. 2:25-cv-00183-JAW), Sidney Stollings (No. 2:25-cv-00189-JAW), Kiley Echols (No. 2:25-cv-00200-JAW), and Elizabeth Healy (No. 2:25-cv-00237-JAW)—now seek to consolidate their related actions and appoint interim class counsel.  *See* Motion to Consolidate and to Appoint Interim Counsel (ECF No. 13) at 1-4.[1]  The Defendants support consolidation and take no position on the appointment of interim class counsel.  *See id.* at 3.  For the following reasons, the Plaintiffs' motion is granted.

---

[1] Plaintiffs Pauley and Polite filed an earlier motion to consolidate their two cases and appoint interim class counsel (ECF No. 4) but terminated it in favor of filing the instant motion to incorporate the remaining plaintiffs who had subsequently filed related actions against the Defendants.  The version of the motion now pending appears to rely exclusively on the earlier motion for substantive argument.

1

## I. Consolidation

Federal Rule of Civil Procedure 42(a)(2) provides that courts may consolidate pending actions that "involve a common question of law or fact." The purpose of Rule 42(a) "is to give the district court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." 9A Arthur R. Miller, *Federal Practice and Procedure* § 2381, Westlaw (section updated May 2025).

The First Circuit uses a two-step framework to determine consolidation. *See Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). "The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law." *Id.* If so, "the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.* Consolidation is typically "granted unless the party opposing it can show demonstrable prejudice." *Id.* (cleaned up).

Here, the related actions clearly involve both a common party and common questions of fact and law. Each action (1) names Endue, Inc. as a defendant; (2) arises out of the same set of operative facts: the Defendants' alleged failure to implement reasonable data protection and security practices that resulted in the exposure of the Plaintiffs' personal information during a data breach; (3) alleges negligence, unjust enrichment, and various breach of contract causes of action, among other claims; and (4) seeks similar damages and some form of declaratory judgment or injunctive relief. *See, e.g.*, Martinez Complaint (ECF No. 1), No. 2:25-cv-00183-JAW, at 30-45.

Moreover, any differences between the related actions are outweighed by the benefits of their consolidation. As discussed above, these actions share many overlapping factual and legal issues, which increases the likelihood that they will require many of the same documents and witnesses as litigation progresses. Consolidating the actions now, while litigation is still in the early stages, will avoid duplicate discovery efforts, saving the court and the parties time and expense, without delaying proceedings. *See Carr v. Analogic Corp.*, Nos. 18-cv-11301-ADB, 18-CV-11557-ADB, 2018 WL 4932858, at *1 (D. Mass. Oct. 10, 2018) (stating that class actions are "particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved") (citation omitted).

## II. Appointment of Interim Class Counsel

Federal Rule of Civil Procedure 23(g)(3) permits the court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Before designating counsel, the court must consider (1) "the work counsel has done in identifying or investigating potential claims in the action"; (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"; (3) "counsel's knowledge of the applicable law"; (4) "the resources that counsel will commit to representing the class"; and (5) "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1).

The Plaintiffs seek to appoint Attorneys A. Brooke Murphy of Murphy Law Firm and Jeff Ostrow of Kopelowitz Ostrow P.A. to serve as interim co-lead class counsel. *See* ECF No. 13 at 4; ECF No. 4 at 15. After reviewing Attorney Murphy's and Attorney Ostrow's significant involvement in and commitment to prosecuting these actions to date, *see* ECF No. 4 at 7-8, as well as their depth of knowledge, resources, and professional experience, *see id.* at 8-15; *see also* ECF Nos. 4-1 and 4-2, I am confident they are qualified to be interim co-lead class counsel in this matter.

### III. Conclusion

For the aforementioned reasons, the Plaintiffs' motion is **GRANTED** and I hereby **ORDER** that (1) Attorneys A. Brooke Murphy of Murphy Law Firm and Jeff Ostrow of Kopelowitz Ostrow P.A. shall serve as interim co-lead class counsel; (2) the Plaintiffs shall file an amended class action complaint by September 3, 2025; (3) all deadlines to file an answer are stayed and shall be reset after the amended class action complaint is filed (the parties may file a proposed scheduling order); and (4) *Pauley v. Endue, Inc., d/b/a Endue Software*, No. 2:25-cv-00177-JAW, is designated as the lead case and shall be consolidated with the following related cases: Nos. 2:25-cv-00181-JAW, 2:25-cv-00183-JAW, 2:25-cv-00189-JAW, 2:25-cv-00200-JAW, and 2:25-cv-00237-JAW.

### *NOTICE*

***In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

***Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.***

Dated: July 18, 2025

                                                  <u>/s/ Karen Frink Wolf</u>
                                                  United States Magistrate Judge